## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT
## MARSHALL DIVISION

CASE NO. _____

JURY

| | |
|---|---|
| MISTI L. FRENCH, Individually and on Behalf of All Other Persons Similarly Situated, | §<br>§<br>§<br>§ |
| Plaintiffs, | §<br>§ |
| v. | §<br>§ |
| NCO FINANCIAL SYSTEMS, INC.<br>Defendants | §<br>§ |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT
## AND JURY TRIAL DEMAND

Plaintiff MISTI L. FRENCH, individually and on behalf of all other persons similarly situated, files this Plaintiff's Original Class Action Complaint and Jury Trial Demand complaining of Defendant NCO FINANCIAL SYSTEMS, INC.  This action is filed under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.  Plaintiff alleges as follows.

## PARTIES

1.      Plaintiff Misti L. French (hereinafter "French") is a Texas citizen and resident of Henderson County, Texas.

2.      Defendant NCO Financial Systems, Inc. (hereinafter "NCO") is a Pennsylvania corporation doing business in the State of Texas with its principal place of business located at 507 Prudential Rd., Horsham, PA 19044-2308 and whose registered agent for service of process is CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

**PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** – Page 1

## JURISDICTION

3.       Jurisdiction is proper in this court under the Class Action Fairness Act (CAFA), 28 USCA §1332 (d)(2)(A).  The class seeks injunctive and monetary relief that would have a value to the class exceeding $5,000,000.00, exclusive of interest and costs.  The named Plaintiff and all class members are citizens of Texas and the Defendant is a Pennsylvania corporation.

4.       Plaintiff also asserts federal question jurisdiction under 28 U.S.C. § 1331.  The Fifth Circuit has held that federal courts do not have federal question jurisdiction over TCPA actions like the one asserted in this case.  *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507, 514 (5th Cir. 1997).  However, that case was decided before the Supreme Court decided *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), which held that federal jurisdiction does not depend on the existence of a federal private right of action.  Application of that holding to the TCPA would mean that federal courts do have federal question jurisdiction over TCPA claims.  The Seventh Circuit has held that federal question jurisdiction exists for TCPA cases as the result of *Grable & Sons*.  *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446 (7th Cir. 2005).  In light of *Grable & Sons*, therefore, Plaintiff contends that this Court does have federal question jurisdiction over this claim.

## VENUE

5.       Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: (i) Defendant is actively doing business in this State and subject to personal jurisdiction throughout the State; (ii) upon information and belief, Defendant transacts business in the State and in the District because it has contracted with residents of the District through its purchase of the contracts with residents of the District; (iii) Defendant further transacts business in the State and in the District

because it is attempting to collect debts in the State and District; (iv) Defendant has committed

illegal acts in the District by calling cellular phones with a prerecorded or automated message and/or

has utilized an automatic dialer to call cellular phones, and (v) a substantial part of the events or

omissions giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

6.      Defendant is in the business of purchasing delinquent accounts and then collecting

the debts.  It purchases the delinquent accounts in bulk and has no previous business relationship

with the alleged debtors.

7.      Defendant attempts to collect these debts by making telephone calls using an

automatic telephone dialing system and/or an artificial or prerecorded voice.

8.      Defendant's calls include calls to telephone numbers assigned to a paging service,

cellular telephone service, specialized mobile radio service or other radio common carrier service.

9.      Defendant's calls referenced in the previous paragraphs are not made for emergency

purposes.

10.     Defendant's calls referenced in the previous paragraphs are not made with the prior

express consent of the called party.

11.     Defendant called Plaintiff French's cellular phone on one or more occasions using

an automatic telephone dialing system and/or an artificial or prerecorded voice.  The calls were not

made for emergency purposes and Plaintiff has never given Defendant express consent to call

Plaintiff on a cellular phone.

## CLASS ACTION ALLEGATIONS

12.     Pursuant to FED. R. CIV. P. 23, Plaintiff brings this suit individually and as representative of a class of similarly situated persons.  The court should enter an order to certify a plaintiff class consisting of:

> All persons who reside in Texas and to whom Defendant will make or has made a call using any automatic telephone dialing system or an artificial or prerecorded voice to a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service. Specifically excluded from the class are all federal judges and members of their families within the first degree of consanguinity, and the officers, directors and counsel of record of Defendant.

The proposed plaintiff class meets the prerequisites of a class.

13.     The class is so numerous that joinder of all members is impracticable.  Plaintiff is unable to state the exact number of the members of the class without the discovery of information available to Defendant, but upon information and belief avers that there are thousands of class members. The number of the members of the class makes it impracticable to bring them all before the court.

14.     There are questions of law and fact common to the class.   These questions predominate over any questions affecting only individual members of the class.  The questions of fact and law affecting the class as a whole, include, but are not limited to:

- whether the Defendant's calls to class members constitute a violation of the TCPA;

- what constitutes a call made for emergency purposes under the TCPA;

- what constitutes prior express consent under the TCPA;

- whether the Court should issue an injunction to prevent Defendant from making calls in violation of the TCPA; and

- what amount of damages Defendant should pay class members for each call made in violation of the TCPA.

15.     Plaintiff's claims are typical of the claims of the class.  The claims have the same essential characteristics as the claims of the members of the class as a whole and are based upon identical legal theories.  It is the same course of conduct that serves as the gravamen of the claims against Defendant.  The members of the class have suffered the same type of injury and possess the same interests as Plaintiff.  The single resolution of these claims would be preferable to a multiplicity of similar actions.

16.     Plaintiff, as the representative party, will fairly and adequately protect the interests of the class.  The counsel representing Plaintiff and the class are qualified, experienced and able.

17.     This suit is maintainable as a class action under FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Monetary damages flow directly from the equitable remedy, without the need for individual calculation. Damages are incidental to an injunction because the statute serving as the basis for the injunction also establishes a fixed sum as damages ($500).  The primary relief sought by Plaintiff is injunctive relief.  Thus, the class action is maintainable under FED. R. CIV. P. 23(b)(2) even though it includes a claim for monetary damages. *Allison v. Citgo Petroleum Corp*., 151 F.3d 402, 414-415 (5th Cir. 1998).

18.     This suit is also maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19.     *Predominance.*  The questions of law or fact common to the members of the class predominate over any questions affecting only individual members.  The underlying facts are largely undisputed and liability will be determined as a matter of law.  The few facts that are disputed will be resolved without the participation of individual class members.  Plaintiff's claims do not present individual questions of causation or reliance.  The facts of Defendant's practice are common to all members.

20.     *Superiority.*  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Given the large size of the class, individual adjudication of the claims would require thousands of lawsuits.  Moreover, intervention and joinder would require the intervention or joinder of thousands of parties.  Individual adjudication, intervention, and joinder, therefore, are not reasonable options.  Class treatment is superior to all other methods of adjudicating the claims of the putative class.

21.     *Individual control.*  The interests of members of the class in individually controlling the prosecution or defense of separate actions do not outweigh the benefits of class treatment.  Members of the class possess claims for economic damages that in most instances do not exceed a few thousand dollars.  Thus, no individual class member possesses an overriding interest in the right to retain counsel and litigate to conclusion an individual claim.  In fact, individual adjudication of these claims remains wholly impractical.  The class members would be compelled to spend substantially more money on attorney's fees and case costs to prosecute their individual claim than the amount of each individual claim.  The interest of members of the class in individually controlling the prosecution or defense of separate actions, therefore, does not outweigh the benefits of class treatment.

22.     *Other factors.*  On information and belief, there are few if any other cases pending by or against members of the class raising the claims asserted herein.  This Court is the desirable forum for this controversy because the Defendant transacts business in this District.  No significant difficulties are likely to be encountered in the management of a class action.  Plaintiff will be able to identify class members through discovery of Defendant's extensive computer database storing information regarding past and present customers.  Thus, no difficulties exist regarding the identification of class members.

## COUNT 1

### (Claim for an injunction)

23.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

24.     The Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
> …
>
> **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227 (b)(1)(A)(3).

25.     Defendant's conduct of calling telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service using any automatic telephone dialing system or an artificial or prerecorded voice violates the

TCPA.

26.     Plaintiff believes that Defendant will continue its acts and practices in violation of the TCPA unless restrained by injunctive order of this Court.

27.     This Court is empowered by 47 U.S.C. § 227 (b)(3)(A) to grant equitable relief to Plaintiff and the Class.  Plaintiff and the Class Members are entitled to injunctive relief.

28.     Plaintiff requests that the Court issue a permanent injunction enjoining and restraining Defendant from further violating the TCPA and ordering Defendant to cease and desist from making a call, other than a call made for emergency purposes or made with the prior express consent of the called party, to a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service using any automatic telephone dialing system or an artificial or prerecorded voice.

## COUNT 2

### (Claim for monetary relief)

29.     Plaintiff hereby incorporates by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

30.     The TCPA provides that a victim of a violation of the TCPA may collect from the Defendant "actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater."  47 U.S.C. § 227 (b)(3)(B).

31.     Defendant's conduct of calling telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service using any automatic telephone dialing system or an artificial or prerecorded voice entitles Plaintiff and each class member to recover from Defendant $500.00 for each call.

32.     Under the TCPA, if the court finds that the defendant willfully or knowingly violated the TCPA, the court may increase the amount of the award to an amount equal to not more than 3 times the $500 per call damages.  47 U.S.C. § 227 (b)(3).

33.     Upon information and belief, Defendant willfully and knowingly violated the TCPA by calling telephone numbers assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service using any automatic telephone dialing system or an artificial or prerecorded voice.  Thus, Plaintiff and each class member is entitled to recover from Defendant $1500 per call.

## JURY DEMAND

34.     Plaintiffs request a trial by jury against Defendant on all issues triable as a matter of right.

**WHEREFORE**, Plaintiff French, individually and on behalf of all other persons similarly situated, prays that Defendant be cited to appear and answer in this action, and that upon final trial of this cause the Court:

- issue judgment permanently enjoining and restraining Defendant from further violating the TCPA and ordering Defendant to cease and desist from making a call, other than a call made for emergency purposes or made with the prior express consent of the called party, to a telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service using any automatic telephone dialing system or an artificial or prerecorded voice.

- issue judgment that Plaintiff and the Plaintiff Class have and recover over and against Defendant a judgment for the monetary damages made the basis of this lawsuit and costs of court.

- grant Plaintiff and the class members all further relief to which they are entitled.

Respectfully submitted,

Jeffrey L. Weinstein, P.C.

By:     /s/ Jeffrey L. Weinstein
          Jeffrey L. Weinstein
          State Bar No. 21096450
          James H. Owen
          State Bar No. 15368200

518 East Tyler Street
Athens, Texas 75751
(903) 677-5333
(903) 677-3657 – facsimile

**COUNSEL FOR PLAINTIFFS**